**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | | X |
| PAUL GOODMAN, | : | |
| Plaintiff, | : | |
| -against- | : | Case No.: 08-cv-2851 |
| MARTIN WADE, NOLAN QUAN, BLAIR MILLS, | : | (Stanton, J.) |
| BROADCASTER, INC., GARY HERMAN, BRUCE | | |
| GALLOWAY, THOMAS KIKIS, KIKIS FAMILY | : | |
| FOUNDATION, WILLOW CREEK CAPITAL | | |
| MANAGEMENT, TRINIDAD CAPITAL MASTER | : | |
| FUND, LTD., AARON BROWN, ANDREW GARRONI, | | |
| STRATEGIC TURNAROUND EQUITY PARTNERS, LP | : | |
| (CAYMAN) and DIGITAL CREATIVE DEVELOPMENT | | |
| CORPORATION, | : | |
| Defendants. | | |
| | | X |

**REPLY MEMORANDUM OF LAW OF DEFENDANTS BROADCASTER,**
**NOLAN QUAN, MARTIN WADE AND BLAIR MILLS IN OPPOSITION TO**
**PLAINTIFF'S CROSS-MOTION FOR REMAND AND IN FURTHER SUPPORT**
**OF THEIR MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TO**
**TRANSFER**

LOEB & LOEB, LLP
Michael P. Zweig (MPZ-5318)
Eugene Licker (EL-0334)
345 Park Avenue
New York, New York 10154
(212) 407-4000

*Attorneys for Defendant Broadcaster, Inc.*

HOWREY LLP
Michael Armstrong (MA-8570)
153 East 53rd Street, 54th Floor
New York, New York 10022
(212) 896-6500

*Attorneys for the Defendants*
*Nolan Quan, Martin Wade, and Blair Mills*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ......................................................................................................... 2

I.  DEENDANT BROADCASTER PROPERLY REMOVED THIS
    ACTION AND PLAINTIFF'S CROSS-MOTION FOR REMAND TO
    NEW YORK STATE COURT SHOULD BE DENIED. ............................................. 2

    A.  Misjoinder and/or Fraudulent Joinder of Parties Does Not
        Preclude Removal. .................................................................................. 2

    B.  Goodman's Action Improperly Joins Non-Diverse Defendants
        Against Whom No Actionable Claim Has Been or Can Be
        Plausibly Asserted .................................................................................. 3

II. GOODMAN'S OppOSITION TO DEFENDANTS' MOTION TO
    DISMISS HIS DEFAMATION CLAIM DEMONSTRATES THAT,
    AS A MATTER OF LAW, NO DEFAMATION HAS BEEN OR CAN
    BE STATED. ............................................................................................... 5

    A.  As a Matter of Law, the Two Statements Upon Which
        Goodman's Defamation Cause of Action is Premised are Not
        Defamatory. ........................................................................................... 5

        1.  Statements Regarding The Existence of Certain
            "Conversations" Between "Certain Consenting
            Shareholders and the Directors" are Not Defamatory. ................ 5

        2.  Statements Regarding "Goodman's Experience" are
            Plainly Non-Actionable Opinion with Disclosed Facts. ............. 7

        3.  The Allegedly Defamatory Statements are Absolutely or
            Qualifiedly Privileged. ......................................................... 10

        4.  Any Amendment of Goodman's Complaint Would be
            Futile. ................................................................................... 12

III. GOODMAN'S OPPOSITION PROVIDES NO LEGAL BASIS OR
     AUTHORITY FOR SUSTAINING HIS THREE DUPLICATIVE
     CAUSES OF ACTION FOR PRIMA FACIE TORT, NEGLIGENCE
     AND INJURIOUS FALSEHOOD. ................................................................ 13

## TABLE OF CONTENTS

**Page**

IV.    PLAINTIFF HAS FAILED TO REBUT DEFENDANTS' SHOWING
       THAT THIS ACTION SHOULD BE TRANSFERRED TO
       CALIFORNIA. ................................................................................................ 13

V.     PLAINTIFF HAS FAILED TO REBUT DEFENDANTS' SHOWING
       THAT PERSONAL JURISDICTION IS LACKING AND SERVICE
       WAS IMPROPER OR NON-EXISTENT. ............................................................... 17

       A.     Goodman Cannot Allege Personal Jurisdiction Over Defendants
              to Oppose Dismissal of His Action Pursuant to Rule 12(b)(2)...................... 18

       B.     Because Goodman Has Not Properly Served Any Defendants
              With His Summons and Complaint, Rule 12(b)(5) Permits
              Dismissal of His Action. ............................................................................. 18

CONCLUSION................................................................................................................ 19

## <u>TABLE OF AUTHORITIES</u>

**CASES**

Allied Programs Corp. v. Puritan Ins. Co.,
   592 F. Supp. 1274 (S.D.N.Y. 1984)...............................................................................5

Bell Atl. Corp. v. Twombly,
   127 S. Ct. 1955 (2007).................................................................................................11

Berman v. Informix Corp.,
   30 F. Supp. 2d 653 (S.D.N.Y. 1998)..................................................................... 14-15

Cantor Fitzgerald, L.P. v. J. Bart Peaslee,
   88 F.3d 152 (2d Cir. 1996)..........................................................................................17

Carnegie Int'l Corp. v. Grant Thornton LLP,
   No. 24-C-00-002639, 2006 WL 990960 (Md. Cir. Ct. Mar. 30, 2006)......................10

Clemente v. Impastato,
   274 A.D.2d 771, 711 N.Y.S.2d 71 (3d Dep't 2000).....................................................7

Columbia Pictures Indus., Inc. v. Fung,
   447 F. Supp. 2d 306 (S.D.N.Y. 2006) (Stanton, J.)...............................................14, 17

Diaz v. NBC Universal, Inc.,
   536 F. Supp. 2d 337 (S.D.N.Y. 2008)....................................................................... 6-7

Dworin v. Deutsch,
   No. 06 Civ. 13265, 2008 U.S. Dist. LEXIS 13655 (S.D.N.Y. Feb. 21, 2008) .............9

Farrow v. O'Connor, Redd, Gollihue & Sklarin, LLP, 2008 NY Slip Op 4313 (2d
   Dep't 2008) ........................................................................................................... 9-10

Foster v. Litton Indus., Inc.,
   431 F. Supp. 86 (S.D.N.Y. 1977) ..............................................................................15

Frame v. Whole Foods Market, Inc.,
   No. 06 Civ. 7058, 2007 U.S. Dist. LEXIS 72720 (S.D.N.Y. Sept. 24, 2007).............16

Friends of Falun Gong v. Pacific Cultural Enter., Inc.,
   288 F. Supp. 2d 273 (E.D.N.Y. 2003), aff'd, 109 Fed. Appx. 442 (2d Cir.
   2004) ........................................................................................................................13

Held v. Pokorny,
   583 F. Supp. 1038 (S.D.N.Y. 1984)............................................................................8

Hollander v. Cayton,
    145 A.D.2d 605 (2d Dep't 1988) ...............................................................12

In re Rezulin Prods. Liab. Litig.,
    133 F. Supp.2d 272 (S.D.N.Y. 2001) ....................................................... 3-4

Jaszai v. Christie's et al.,
    279 A.D.2d 186, 719 N.Y.S.2d 235 (1st Dep't 2001) ...................................9

Khan v. N.Y. Times Co.,
    269 A.D.2d 74, 710 N.Y.S.2d 41 (1st Dep't 2000) ........................................4

Mann v. Abel,
    10 N.Y.3d 271, 856 N.Y.S.2d 31 (2008) ......................................................7

Miller v. Richman,
    184 A.D.2d 191 (4th Dep't 1992) .................................................................9

Nat'l Union Fire Ins. Co. v. CPMS Inv.,
    93 Civ. 5088, 5089, 5090, 1996 U.S. Dit. LEXIS 83 (S.D.N.Y. Jan. 4 1996) ...........15

Nemazee v. Premier, Inc.,
    232 F. Supp. 2d 172 (S.D.N.Y. 2002) ..........................................................4

N.Y. State Ins. Fund v. U.S. Liab. Ins. Co.,
    No. 03 Civ. 6652, 2004 U.S. Dist. LEXIS 3124 (S.D.N.Y. Mar. 1, 2004) ...................2

O'Brien v. Alexander,
    898 F. Supp. 162 (S.D.N.Y. 1995), aff'd, 101 F.3d 1479 (2d Cir. 1996) ...................13

Pampillonia v. RJR Nabisco, Inc.,
    138 F.3d 459 (2d Cir. 1998) ..................................................................... 2-4

Pavlica v. Behr,
    03 Civ. 9628, 2006 U.S. Dist. LEXIS 38710 (S.D.N.Y. June 12, 2006) ...................10

Rinaldi v. Holt, Rinehart & Winston, Inc.,
    42 N.Y.2d 369, 397 N.Y.S.2d 943 (1977) ....................................................6

Rosenberg v. MetLife, Inc.,
    8 N.Y.3d 359, 834 N.Y.S.2d 494 (2007) ....................................................10

Rothman v. Sternberg,
    207 A.D.2d 438, 615 N.Y.S.2d 748 (2d Dep't 1994) ....................................8

Steinhilber v. Alphonse,
    68 N.Y.2d 283, 508 N.Y.S.2d 901 (1986) ................................................ 8-9

Summit v. U.S. Dynamics Corp.,
        No. 97 Civ. 9224, 2000 U.S. Dist. LEXIS 5453 (S.D.N.Y. Apr. 26, 2000) ...............15

Themed Restaurants, Inc. v. Zagat Survey. LLC,
        21 A.D.3d 826, 801 N.Y.S.2d 38 (1st Dep't 2005) .....................................................13

Tucker Anthony, Inc. v. Bankers Trust Co.,
        No. 93 Civ. 0257, 1994 U.S. Dist. LEXIS 128 (S.D.N.Y. Jan. 7, 1994).....................14

Varsity Spirit Fashions & Supplies, Inc. v. I.L.P., Inc.,
        No. 03 Civ. 2069, 2003 U.S. Dist. LEXIS 21142 (S.D.N.Y. Nov. 20, 2003)
        (Stanton, J.)....................................................................................………………14

Waggoner v. Snow, Becker, Kroll, Klaris & Krauss,
        991 F.2d 1501 (9th Cir. 1993) ....................................................................................16

Whitaker v. Am. Telecasting, Inc.,
        261 F.3d 196 (2d Cir. 2001)..........................................................................................3

Zeevi v. Union Bank of Switz.,
        No. 89 Civ. 4637, 1992 U.S. Dist. LEXIS 871 (S.D.N.Y. Jan. 29, 1992)............. 11-12


STATUTES

28 U.S.C. § 1404(a) ....................................................................................................14, 18

28 U.S.C. § 1441.................................................................................................................2

CPLR § 301........................................................................................................................19

CPLR § 302........................................................................................................................19

CPLR § 308(2)....................................................................................................................20

CPLR § 311........................................................................................................................19

CPLR § 3012(b)..................................................................................................................20


OTHER AUTHORITIES

Fed. R. Civ. Proc. 4(m) ......................................................................................................20

Rule 12(b) ...........................................................................................................................18

Rule 12(b)(2)................................................................................................................. 18-19

Rule 12(b)(5)..........................................................................................................................19

Rule 12(b)(6)............................................................................................................................7

Defendants Broadcaster, Nolan Quan, Martin Wade and Blair Mills respectfully submit this reply memorandum in opposition to Plaintiff Goodman's cross-motion for remand, and in further support of Defendants' motions to dismiss or, in the alternative, to transfer this action to the District Court for the Central District of California.

## PRELIMINARY STATEMENT

Neither Goodman's cross-motion for remand nor his opposition to Defendants' motion to dismiss or, in the alternative, to transfer this action to the Central District of California, has merit. Goodman's argument that removal was improper because certain named defendants are not of diverse citizenship fails, as set forth below, because: i) Goodman's improper joinder of non-diverse defendants does not defeat removal of this action; and ii) Goodman has not, and cannot, plausibly state a legally viable cause of action against any of the non-diverse defendants, thereby warranting their dismissal as parties. Goodman's opposition to Defendants' motion to dismiss his complaint is similarly without merit because: i) the statements upon which Goodman bases his defamation action are non-defamatory expressions of non-actionable opinion with disclosed facts subject to, at the very least, a qualified privilege; ii) Goodman presents no legal authority to establish the validity of his claims of prima facie tort, negligence and injurious falsehood, which are wholly duplicative of his defamation action; and iii) Goodman is unable to allege personal jurisdiction over the defendants and has failed to properly serve any of the defendants with his Summons and Complaint.

Finally, should this Court decide not to dismiss Goodman's action at this time, the case should be transferred to the Central District of California because: i) the interests of justice and trial efficiency would be served, as there are already two related pending actions in California; ii) California is overwhelmingly the most convenient forum in which to litigate this action, as the operative facts occurred in California and for

the convenience of the witnesses; iii) Goodman's choice of forum carries little weight; and iv) Goodman fails to plead any facts supporting his assertion that transfer of this action would cause him financial hardship, which is dubious given that he is continuing to pursue his related action, which this Court previously transferred to California.

## ARGUMENT

### I.   DEENDANT BROADCASTER PROPERLY REMOVED THIS ACTION AND PLAINTIFF'S CROSS-MOTION FOR REMAND TO NEW YORK STATE COURT SHOULD BE DENIED.

#### A.   Misjoinder and/or Fraudulent Joinder of Parties Does Not Preclude Removal.

On March 19, 2008, pursuant to 28 U.S.C. § 1441, Defendant Broadcaster removed this action to this Court.  Goodman contends that Defendant Broadcaster's removal to this Court was improper because, in view of the "named defendants," complete diversity of citizenship is lacking.  Goodman Opp. at 10.  However, as alleged in Broadcaster's Notice of Removal, these non-diverse defendants are "wholly unnecessary to the lawsuit and are, at best, either nominal or improperly joined defendants, whose presence does not defeat diversity."  See Notice of Removal Under 28 U.S.C. § 1441 at ¶ 7, annexed hereto as Exhibit A.

In the Second Circuit, the law is well-settled that a plaintiff cannot defeat diversity jurisdiction simply by naming defendants who have "no real connection with the controversy."  Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998).  See also N.Y. State Ins. Fund v. U.S. Liab. Ins. Co., 03 Civ. 6652, 2004 U.S. Dist. LEXIS 3124, at *7 (S.D.N.Y. Mar. 1, 2004) (recognizing that an analysis of the existence of complete diversity will "'ignore[]'" "'nominal or formal parties who have no interest in the action.'") (quoting 13B Wright & Miller § 3606 at 409 (2d ed. 1984)).  "Fraudulent joinder" exists where the plaintiff has openly engaged in fraud in the construction of its pleadings, or where, as here, "there is no possibility, based on the pleadings, that [Goodman] can state a cause of action [for defamation] against the non-diverse

defendant[s] in state court." <u>Pampillonia</u>, at 461.  <u>See Whitaker v. Am. Telecasting, Inc.</u>, 261 F.3d 196, 207 (2d Cir. 2001) (finding fraudulent joinder where plaintiff neither stated a cause of action against the non-diverse defendant nor pursued relief against it under state law).

As shown below, Goodman's improper joinder of non-diverse defendants – evidenced by his failure to plead any facts whatsoever in his complaint justifying their inclusion as defendants or establishing actionable conduct on their part – does not defeat the removal of this action and, furthermore, warrants the dismissal of these non-diverse defendants as parties.  <u>See Pampillonia</u>, 138 F.3d at 462.

**B.    Goodman's Action Improperly Joins Non-Diverse Defendants Against Whom No Actionable Claim Has Been or Can Be Plausibly Asserted.**

Despite Goodman's hollow assertions to the contrary, his complaint sets forth no substantive basis for the joinder of the non-diverse defendants.  All of the non-diverse defendants are shareholders of Broadcaster and are named solely in their capacity as shareholders of Broadcaster – as "Consenting Shareholders" who voted in favor of Goodman's removal.  The alleged defamatory statements (which were part of various iterations of Broadcaster's 14C Information Statement) were not made by any individual Consenting Shareholder, nor could such an allegation credibly be made.  Moreover, none of these non-diverse Consenting Shareholder defendants are pleaded in the complaint as "among the class of people who made the defamatory statements which are the subject of this action" (Goodman Opp. at 11).

Even if Goodman had chosen to allege that each of the non-diverse Consenting Shareholders had personally defamed him, such an allegation would be "so clearly false and fictitious that no factual basis exists for an honest belief on the part of [Goodman] that there is liability – in short that the joinder is without any reasonable basis in fact and is made without any purpose to prosecute the cause in good faith . . . .'" <u>In re Rezulin Prods. Liab. Litig.</u>, 133 F. Supp.2d 272, 281 (S.D.N.Y. 2001) (citation omitted).

Indeed, Goodman asserts no basis for actionable conduct whatsoever.  Aside from listing the residency or state of incorporation of these non-diverse defendants, Goodman does not identify any of these non-diverse defendants by name anywhere in his entire complaint, but instead makes only a general reference to an amorphous group he has labeled "the other Defendants."  See Pampillonia, 138 F.3d at 461 (dismissing non-diverse corporate defendant where the complaint's sole allegations regarding the defendant concerned its state of incorporation and the location of its office).

There is, in actuality, no possibility that Goodman could plausibly state a cause of action establishing the liability of any of the non-diverse shareholder defendants for Broadcaster's  allegedly defamatory statements in its SEC filings.[1]  Not even a "slim" chance of recovery exists because Goodman has not alleged and cannot allege each of the requisite elements of defamation against the non-diverse defendants.  See Nemazee v. Premier, Inc., 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002).   Merely because the Consenting Shareholders voted in favor of Goodman's removal does not make them liable for statements made in Broadcaster's SEC filings, especially given the absence of any specific allegations in the complaint pertaining to the Consenting Shareholders.  See Khan v. N.Y. Times Co., 269 A.D.2d 74, 80, 710 N.Y.S.2d 41, 46 (1st Dep't 2000) ("It is axiomatic that a defendant cannot be held liable for a libelous statement that it did not write or publish.").[2]

Further evidence, if it is needed, of Goodman's having fraudulently joined the non-diverse defendants (and that they are entirely unnecessary to the pursuit of his action) is the fact that, to date, Goodman has failed to serve any of these non-diverse

---

[1]    For example, Goodman has not alleged, and cannot allege, that there is a basis for ignoring Broadcaster's corporate form or that circumstances will make it appropriate to pierce the corporate veil, so as to implicate vicarious liability on the part of the Consenting Shareholders.

[2]    The Consenting Shareholders, by resolution, authorized Goodman's removal.   See Broadcaster Definitive 14C Information Statement, February 14, 2008; Goodman Opp. at 6.

defendants with the Summons and Complaint.[3]  See Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984) (concluding that remand will not be necessary where there is a non-diverse, unserved defendant and the party seeking removal can establish that plaintiff fraudulently joined the non-diverse defendant to avoid removal).

II.    **GOODMAN'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS HIS DEFAMATION CLAIM DEMONSTRATES THAT, AS A MATTER OF LAW, NO DEFAMATION HAS BEEN OR CAN BE STATED.**

A.    **As a Matter of Law, the Two Statements Upon Which Goodman's Defamation Cause of Action is Premised are Not Defamatory.**

1.    **Statements Regarding The Existence of Certain "Conversations" Between "Certain Consenting Shareholders and the Directors" are Not Defamatory.**

Goodman contends that the references in the various iterations of Broadcaster's 14C Statement to "conversations" having taken place amongst Consenting Shareholders and directors concerning the Company's future business plan are inaccurate, and contends that the conversations referenced did not take place.  Goodman appears to argue in this regard, that he has never spoken with some of those "Consenting Shareholders" who signed the Written Consent and that he had never heard of some of these "Consenting Shareholders" prior to his receipt of the Written Consent.  See Goodman Opp. at 17.

Goodman ignores that the February 14, 2008 Definitive 14C Information Statement describes these conversations as taking place "among certain consenting shareholders and the directors regarding how to shut down the Company's business

---

[3]      Goodman commenced his defamation action by filing a Summons with Notice on or about January 16, 2008, and as evidenced by his submission of affidavits of service in this action, he has not served one of these non-diverse defendants with the Summons or the Complaint in the approximately 155 days that have elapsed since.

operations in a manner that would preserve the value of the Company's assets and share price." Goodman argues that the statement "[a]t each meeting there was a disagreement about the [sic] how to deal with terminating employees and how to preserve the value of the assets"[4] is false because the discussions at the Board meetings were among the Broadcaster directors, as opposed to Goodman and the Defendant Shareholders, and that these conversations did not concern the best way to terminate employees. See Goodman Opp. at 17-18. While Amendment 1 to the 14C Statement references "conversations" generally between the "shareholders and the directors,"[5] later iterations of the 14C Statement specify the topics of the "conversations"[6] and identify the participants as "certain consenting shareholders and the directors."[7]

        To begin with, the references in the 14C Statements to "conversations" amongst Consenting Shareholders are not defamatory of Goodman, as they are not "of and concerning him," [See Diaz v. NBC Universal, Inc., 536 F.Supp.2d 337 (S.D.N.Y. 2008)[8]] and, dispositively do not "'tend[ ] to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-

---

        [4]    See 14C Information Statement Amendments 3-6 and February 14, 2008 Definitive 14C Information Statement.

        [5]    See 14C Information Statement Amendment 1. 14C Information Statement Amendments 2 and 3 also refer to the participants as "shareholders and the directors."

        [6]    See 14C Information Statement Amendments 2-6 and February 14, 2008 Definitive 14C Information Statement.

        [7]    See 14C Information Statement Amendments 4-6 and February 14, 2008 Definitive 14C Information Statement.

        [8]    A court may dismiss a defamation action under Rule 12(b)(6) where the statements are "'incapable of supporting a jury's finding that the allegedly libelous statements refer to plaintiff.'" Id. at 342 ("'Whether the complaint alleges facts sufficient to demonstrate a reasonable connection between the plaintiff and the alleged libel is thus a question for the Court.'" Id. at 342 (quoting Church of Scientology Intern. v. Time Warner, Inc., 805 F.Supp. 1157 (S.D.N.Y. 1992))).

thinking persons, and to deprive him of their friendly intercourse in society.'" Rinaldi v. Holt, Rinehart & Winston, Inc., 42 N.Y.2d 369, 379, 397 N.Y.S.2d 943, 949 (1977) (citation omitted).  Goodman provides no legal authority to support his assertion that statements made about conversations he claims did not occur constitutes defamation of him as a matter of law.  Rather, Goodman makes the misguided argument that statements regarding the fact of "conversations" are not opinion, (see Goodman Opp. at 18), when it is clearly not the conversations themselves which constitute the opinion expressed, but the judgments, expressed as an opinion, based upon disclosed facts.

### 2.    Statements Regarding "Goodman's Experience" are Plainly Non-Actionable Opinion with Disclosed Facts.

The statements in the various iterations of Broadcaster's 14C Information Statement concerning Goodman's lack of experience in managing media companies, which formed part of the basis of the opinion expressed concerning Goodman's business judgment, are non-actionable statements of opinion based on disclosed facts.[9]  As demonstrated in Defendants' moving papers, the opinion recited regarding Goodman's business judgment is a subject matter entirely of opinion, not capable of being proved true or false.  The statements made about Goodman's experience comprise but one part of the basis for the opinion recited and are not set forth as objective, stand-alone facts.  Rather, these statements support the "tenor" of the 14C Information Statement by "clearly signal[ing] the reader" that the statements as a whole are subjective constructions of the some of the Consenting Shareholders' motivations and reasoning in voting to remove Goodman.  Mann v. Abel, 10 N.Y.3d 271, 276-77, 856 N.Y.S.2d 31, 33 (2008).

---

[9]      Goodman claims that it is a false statement that he spoke to all of the Consenting Shareholders.  The alleged defamatory statement, however, cannot be read to make that statement, and even if that statement had been made, and it were false, there is nothing defamatory about such an alleged falsehood.

In any event, the statements about Goodman's experience are neither false nor defamatory.

Goodman's sole argument reduces to his unsupported assertion that the allegedly false statements about his business experience constitute defamation per se. Goodman Opp. at 21. Yet Goodman offers no legal authority to demonstrate that statements of this nature "impute[s] incompetence, incapacity or unfitness in the performance of one's profession," Clemente v. Impastato, 274 A.D.2d 771, 773, 711 N.Y.S.2d 71, 74 (3d Dep't 2000), and cites to no authority for his claim that the statements are a "direct and immediate threat to [his] business reputation and his ability to retain and find clients." Goodman Opp. at 21. Similarly, he does not address Defendants' argument that the statements in the 14C do not reference, and thus do not damage, Goodman's legal skills or capabilities as a lawyer. See Rothman v. Sternberg, 207 A.D.2d 438, 439-40, 615 N.Y.S.2d 748, 749-50 (2d Dep't 1994) (statement about attorney (who was also director, officer and shareholder of competing company of defendant) that he was "destroying the defendant's company by his unethical business practices" did not constitute libel per se and was non-actionable because it did "not impute to the plaintiff incompetence, incapacity, or unfitness in the performance of his profession as an *attorney*") (emphasis added); Held v. Pokorny, 583 F. Supp. 1038, 1041-42 (S.D.N.Y. 1984) (granting motion to dismiss defamation claim by lawyer where statements did not reference plaintiff as a lawyer and "neither attack[ed] nor call[ed] into question plaintiff's professional conduct or qualifications.").

As part of Goodman's attempt to circumvent the non-actionability of the opinions in the 14C, Goodman argues that the 14C statements are mixed opinions containing undisclosed facts. The statements in the 14C unequivocally reveal all of the facts upon which the Consenting Shareholders based their decision to remove Goodman as a director. Given Goodman's focus on these very statements, the "conversations" that took place amongst certain shareholders and directors, and Goodman's lack of

managerial "experience," it is disingenuous for him to then argue the alleged absence of facts justifying the Consenting Shareholders' opinions. Unlike the "mixed opinion" case, the 14C statements do not contain any "implication that [Broadcaster as the "speaker"] knows certain facts, unknown to [its] audience, which support [the Consenting Shareholders'] opinion and are detrimental to [Goodman] the person about whom [Broadcaster] is speaking." Steinhilber v. Alphonse, 68 N.Y.2d 283, 290, 508 N.Y.S.2d 901, 904 (1986). Furthermore, to sustain a legally viable defamation cause of action for a "mixed opinion," the "implied facts must. themselves be a gross distortion or misrepresentation." Jaszai v. Christie's et al., 279 A.D.2d 186, 190, 719 N.Y.S.2d 235, 238 (1st Dep't 2001). Neither Broadcaster's depictions of the "conversations" nor Goodman's lack of experience (as evidenced by his own Broadcaster biography) meets this stringent standard.[10]

As significantly, even if the statements regarding Goodman's lack of experience in managing companies in the media industry, or the statements, disclosed or undisclosed, concerning the conversations between certain consenting shareholders and the directors, were inaccurate (information readily confirmed by Goodman's own biography, as included in Broadcaster's 14C Information Statement dated April 11, 2007), these statements, like the statements made regarding Goodman's performance as a director, are not actionable. As stated in Dworin v. Deutsch, 06 Civ. 13265, 2008 U.S. Dist. LEXIS 13655, at *20 (S.D.N.Y. Feb. 21, 2008) (Castel, J.), the "'mere expression of unhappiness with [Goodman's] fulfilling [] [job] duties,'" pertaining to his performance as a director of Broadcaster does not establish a cause of action for libel per se. Id. at *20 (quoting Aronson v. Wiersma, 65 N.Y.2d 592, 594, 493 N.Y.S.2d 1006 (1985)). See Miller v. Richman, 184 A.D.2d 191, 192-194 (4th Dep't 1992) (telling

---

[10]   The later versions of the 14C contained a detailed recitation of the conversations that took place at the relevant Broadcaster Board of Directors meetings.

plaintiff that she is "one of the worst secretaries at the firm," and that her "work habits [and performance] are bad" was non-actionable expression of opinion as the "individual defendants' unfavorable assessments of plaintiff's work are "'incapable of being objectively characterized as true or false.'" (citation omitted).  Moreover, the statements could only be considered a "subjective characterization of [Goodman's] behavior and an evaluation of [his] job performance, [thereby] constitut[ing] a non-actionable expression of opinion."  Farrow v. O'Connor, Redd, Gollihue & Sklarin, LLP, 2008 NY Slip Op 4313 (2d Dep't 2008).  As another court in the Southern District of New York recently determined, a statement providing the reasoning for plaintiff's termination which implicates the plaintiff's "lack of judgment in dealing with others" does not constitute defamation.  See Pavlica v. Behr, 03 Civ. 9628, 2006 U.S. Dist. LEXIS 38710, at *18 (S.D.N.Y, June 12, 2006).

### 3.    The Allegedly Defamatory Statements are Absolutely or Qualifiedly Privileged.

The statements at issue concerning the decision of the Consenting Shareholders to remove Goodman as a director appeared in a regulatory filing – Broadcaster's SEC filings – and a persuasive argument exists that an absolute privilege exists for these statements.  In an analogous situation, the New York Court of Appeals recently held that an absolute privilege applied in a defamation suit where the employer made statements in an employee termination notice filed with the NASD.  See Rosenberg v. MetLife, Inc., 8 N.Y.3d 359, 368, 834 N.Y.S.2d 494 (2007) (noting that the requirement for such compulsory filings had been delegated by the SEC to the NASD). See also Carnegie Int'l Corp. v. Grant Thornton LLP, No. 24-C-00-002639, 2006 WL 990960 (Md. Cir. Ct. Mar. 30, 2006) (holding that statements made in SEC filings were subject to absolute privilege in defamation suit).  The "compulsory nature" of Broadcaster's legal obligation to file the 14C Information Statement with the SEC, in conjunction with the SEC's "quasi-judicial process" and the "protection of public

interests" through corporate disclosures of important information to shareholders, support the invocation of an absolute privilege for Broadcaster's statements in its 14C Information Statement.  See Rosenberg, 8 N.Y.3d at 368.

Additionally, and as referenced in Defendants' moving papers and the Declaration of Leslie Marlow, Esq., dated May 20, 2008, Goodman actually sought the information disclosed by Broadcaster, by communicating with the SEC and requesting that the SEC require Broadcaster to provide more information in its 14C filings. Although Goodman does not supply his correspondence with the SEC, it is noteworthy that he makes no attempt to deny that he communicated with the SEC and requested further disclosures from Broadcaster concerning the Consenting Shareholders' decision to remove him as a director of Broadcaster "without cause."

In any event, it is beyond legal dispute that the statements contained in Broadcaster's 14C Statement are qualifiedly privileged.  Broadcaster undeniably possesses a common interest with its shareholders in disseminating critical information to them by publishing the 14C statement here and its amendments, pursuant to the legally imposed requirements of the SEC.  It is significant that Goodman ignores the cases cited by Defendants establishing a qualified privilege.[11]   Indeed, Goodman cannot refute the existence of Broadcaster's common interest with its shareholders in connection with Broadcaster's SEC filings.

While Goodman makes the ipse dixit assertion that the challenged statements were made with malice, he cites no legal support and fails to distinguish between common-law and actual malice.[12]  Goodman's pleading of malice amounts to

---

[11]     Instead, Goodman bizarrely claims, more than once, that Defendants fail to cite any case law establishing immunity or a privilege for Broadcaster's statements in its 14C filings.  See Goodman Opp. at 25.

[12]     In reference to the standard on a motion to dismiss, Goodman's requirement to "provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1959, 1964-65 (2007) (citation and internal quotations omitted).

the recitation of a hearsay statement, upon information and belief, which he alleges Defendant Wade uttered. Goodman's conclusory allegations that the defendants "knew" the statements were false are not sufficient under either the old or new "heightened" pleading standard. See Zeevi v. Union Bank of Switz., No. 89 Civ. 4637, 1992 U.S. Dist. LEXIS 871, at *18-19 (S.D.N.Y. Jan. 29, 1992) ("[f]alsity alone, does not establish an inference of malice, unless the falsity is consistent only with a desire to injure the plaintiff"). Despite Goodman's discussion of retaliation, he is unable to demonstrate that this was the sole reason for the publication of the 14C statements, especially given all of Broadcaster's correspondence with the SEC, as encouraged by Goodman. Goodman's "mere conclusory allegations . . . that the [14C] statements were maliciously motivated is insufficient to defeat the claim of qualified privilege" and he "must make an evidentiary showing that the statements were published with actual malice, which is defined as personal spite, ill will or culpable recklessness or negligence." Hollander v. Cayton, 145 A.D.2d 605, 606 (2d Dep't 1988) (affirming dismissal of complaint where statements were non-actionable opinion and subject to a qualified privilege).

### 4.     Any Amendment of Goodman's Complaint Would be Futile.

Given that Goodman has not established, and clearly cannot establish, a legally viable cause of action for defamation, any amendment on his part would be futile Under the circumstances, there is no factual or legal cure for Goodman's failure to properly allege a cause of action for defamation. Goodman's claim that Broadcaster had not filed all of the 14C Amendments at the time the "Complaint was served," thus professing a need to amend the complaint to include the additional Amendments, is belied by Goodman's actual complaint, which includes all six Amendments and references the Definitive 14C Information Statement. See Goodman Opp. at 16 n.2.[13]

---

[13]     Though it is most likely the case that Goodman has confused the timing of his Summons with Notice and his Complaint, his discussion of an amendment is entirely irrelevant because Goodman has alleged all of the Amendments and still cannot establish a legally cognizable cause of action for defamation. See Goodman Cmplt. at ¶¶ 18-24.

### III. GOODMAN'S OPPOSITION PROVIDES NO LEGAL BASIS OR AUTHORITY FOR SUSTAINING HIS THREE DUPLICATIVE CAUSES OF ACTION FOR PRIMA FACIE TORT, NEGLIGENCE AND INJURIOUS FALSEHOOD.

Goodman's opposition fails to rebut Defendants' showing that his claims of prima facie tort, negligence and injurious falsehood are wholly duplicative of his defamation cause of action. In opposition, Goodman does nothing more than cite the elements of each cause of action and then conclusorily state that his complaint pleads these elements. Goodman presents no independent legal authority to support his pleading and fails to address Defendants' legal authority, which clearly mandates dismissal of prima facie tort, negligence and injurious falsehood causes of action where, as here, all three are duplicative of an asserted defamation claim. See Friends of Falun Gong v. Pacific Cultural Enter., Inc., 288 F. Supp. 2d 273, 284 (E.D.N.Y. 2003) (dismissing defamation and prima facie tort where plaintiffs allege same facts for both actions and it is undisputed that a traditional tort claim cannot serve as the foundation for a prima facie tort claim regardless of the viability of the tort claim), aff'd, 109 Fed. Appx. 442 (2d Cir. 2004); Themed Restaurants, Inc. v. Zagat Survey. LLC, 21 A.D.3d 826, 827, 801 N.Y.S.2d 38, 40 (1st Dep't 2005) (duplicative negligence claim dismissed where it derived from same facts as plaintiff's defamation claim and plaintiff also alleged injury to her reputation); O'Brien v. Alexander, 898 F. Supp. 162, 172 (S.D.N.Y. 1995), aff'd, 101 F.3d 1479 (2d Cir. 1996) (dismissing injurious falsehood claim where completely duplicative of failed defamation claim).

### IV. PLAINTIFF HAS FAILED TO REBUT DEFENDANTS' SHOWING THAT THIS ACTION SHOULD BE TRANSFERRED TO CALIFORNIA.

Even if Plaintiff had alleged a legally viable cause of action against Defendants – which he has not – Plaintiff fails to provide any competent reason or legal basis as to why this action should not be transferred to California pursuant to 28 U.S.C. § 1404(a). Indeed, Plaintiff's opposition to transfer rests entirely on the arguments that Plaintiff, an attorney appearing *pro se*, (i) resides and initiated this action in New York,

(ii) asserted causes of action under New York common law, and (iii) will be inconvenienced if he is required litigate in California, a place where he is currently prosecuting an indisputably related action against the same Defendants.[14]

Plaintiff's opposition to this transfer motion for the most part mirrors the arguments Goodman made, which this Court has already considered and rejected in ordering that Goodman's related New York B.C.L. § 720 action be transferred to the District Court for the Central District of California. See Goodman v. Broadcaster, et al., 08 Civ 02480 at 10-11, 13-15 (S.D.N.Y. Apr. 18, 2008) (Stanton, J.) (stating that Plaintiff's choice of forum was "weak;" that "[Mr. Goodman] does not attest to the specific financial burdens he would suffer as a result of transfer, nor does he explain his ability to travel for the depositions of the numerous witnesses in California if the case proceeds on New York"; and rejecting Plaintiff's assertion that California Courts would not be familiar with the governing law). Here, too, these same arguments are unavailing, and there are even more compelling additional circumstances that weigh heavily in favor of transfer:

1.    As a threshold matter, Plaintiff ignores the case law which states that transfer is especially appropriate in the interests of justice and trial efficiency where, as here, there are related, pending actions in the transferee district. For this reason alone, and because "there is a strong policy favoring the litigation of related claims in the same tribunal," Defendants' motion to transfer should be granted. See Columbia Pictures Indus., Inc. v. Fung, 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006) (Stanton, J.). See also Varsity Spirit Fashions & Supplies, Inc. v. I.L.P., Inc., No. 03 Civ. 2069, 2003 U.S. Dist.

---

[14]    As set forth in the moving brief, the claims are related because Goodman's theory of the case is that his removal from the Board by the Consenting Shareholders and Broadcaster's publication of the "defamatory" 14C Information Statement were in retaliation for Goodman's disclosure of mismanagement, fraudulent conversion and self-dealing. Goodman claims that evidence of such alleged retaliation will establish the legal malice necessary for his defamation claim. These are, essentially, the same allegations made by Goodman in the BCL § 720 action and require the same proof.

LEXIS 21142, at *7 (S.D.N.Y. Nov. 20, 2003) (Stanton, J.) (authorizing transfer to the Northern District of California due to related action already in that forum).[15]

        2.      Independently, Defendants' motion to transfer should be granted because California is by far the most convenient forum in which to litigate this action.  In opposition, Goodman asks this Court to afford significant weight to his chosen forum, New York.  Goodman, however, does not dispute that his defamation and tort claims, and the purported facts upon which they are based, have nothing more than a "tenuous" relationship to New York, as they arise from the operation of a California corporation and its federal securities filings.  In such instances, the plaintiff's chosen forum carries little weight.  See, e.g., Nat'l Union Fire Ins. Co. v. CPMS Inv., 93 Civ. 5088, 5089, 5090, 1996 U.S. Dist. LEXIS 83, at *6 (S.D.N.Y. Jan. 4, 1996) (Stanton, J.) (holding that a "plaintiff's choice of forum … is entitled to less weight where, as here, the case's operative facts have little or no connection with the chosen forum"); Foster v. Litton Indus., Inc., 431 F. Supp. 86, 86 (S.D.N.Y. 1977) (holding that plaintiff's choice of forum was not entitled to weight in "the absence of any contact by the forum state with the transactions underlying the cause of action").  See also Summit v. U.S. Dynamics Corp., No. 97 Civ. 9224, 2000 U.S. Dist. LEXIS 5453, at *6 (S.D.N.Y. Apr. 26, 2000) (emphasizing that "[w]hile the plaintiff's original choice of forum carries significant weight, the court notes also that the interests of justice generally favor[] the litigation of related claims in the same tribunal").

---

[15]     See Tucker Anthony, Inc. v. Bankers Trust Co., No. 93 Civ. 0257, 1994 U.S. Dist. LEXIS 128, at *26 (S.D.N.Y. Jan. 7, 1994) (granting motion to transfer, holding that the "'interests of justice' is a separate component of the Court's § 1404(a) transfer analysis" and "may be *determinative* in a particular case, even if the convenience of the parties and witnesses might call for a different result.") (citation and quotation omitted); Berman v. Informix Corp., 30 F. Supp. 2d 653, 660 (S.D.N.Y. 1998) (granting motion to transfer, emphasizing that "[u]nless there are compelling reasons otherwise, there is no justification for separate trials in separate districts") (citation and quotation omitted).

3.    Goodman's claim that, as a *pro se* litigant,[16] he would somehow be inconvenienced if this matter were transferred to California is especially disingenuous here.  Goodman's related action has already been transferred to California, and it has not been abandoned (as Goodman had, in his opposition, previously speculated he "might" do).  Goodman will not suffer <u>any</u> additional financial burden should this related action be transferred as well.  To the contrary, the transfer of this action will likely be financially beneficial to all parties because pretrial discovery can be conducted more efficiently and duplicitous litigation can be avoided, thus saving time and expense for all parties and witnesses.

4.    Moreover, notwithstanding that this Court previously rejected this same argument in the related action because Goodman had failed to "attest to the specific financial burdens he would suffer as a result of transfer," Goodman here again fails to demonstrate or provide any sworn statement as to his purported lack of resources.  <u>See</u>, <u>e.g.</u>, <u>Frame v. Whole Foods Market, Inc.</u>, No. 06 Civ. 7058, 2007 U.S. Dist. LEXIS 72720, at *16, *18 (S.D.N.Y. Sept. 24, 2007) (rejecting plaintiff's claim of "financial hardship").

5.    Goodman's speculation that "a Court located within New York will, by definition, have a much stronger familiarity with the underlying claims in this action than a California court" does not preclude transfer here.  California courts are well versed in claims sounding in such novel legal theories as negligence and defamation – even where such claims are brought under New York's common law.  <u>See</u>, <u>e.g.</u>, <u>Waggoner v. Snow, Becker, Kroll, Klaris & Krauss</u>, 991 F.2d 1501 (9th Cir. 1993) (applying New York law).

6.    Finally, Goodman's attempts to cast as "neutral" a number of key factors – such as the locus of the operative facts, the convenience of the witnesses, and

---

[16]    That Plaintiff is an attorney appearing *pro se* does not bar transfer.  <u>See Berman v. Informix Corp.</u>, 30 F. Supp. 2d 653, 656 (S.D.N.Y. 1998) ("The fact that plaintiff resides in New York and is bringing this action *pro se* is in itself insufficient to shift the balance in favor of keeping the action in the Southern District of New York.").

the location of documents – is wholly unpersuasive.  Goodman does not dispute that his claims are grounded in his theory that his removal from the Board was in retaliation for his disclosure of mismanagement, fraudulent conversion and self-dealing.  As this Court previously held in the related actions, the locus of these operative facts – a "primary factor" – "is in California."  See Goodman v. Broadcaster, et al., 08 Civ 02480 at 11 (S.D.N.Y. Apr. 18, 2008) (Stanton, J.).

7. Similarly, Goodman's contention that the weighing of the "convenience of the parties" is "neutral" as "the parties/witnesses in this action are scattered around the country" (Opp. Mem. at 29), must also be rejected.  As a threshold matter, Goodman's identification of relevant, material witnesses is not supported by the requisite competent declaration setting forth the subject matter of the proposed witnesses' testimony.  Accordingly, Goodman's arguments in opposition cannot weigh against transfer.  See Columbia Pictures Indus., Inc. v. Fung, 447 F. Supp. 2d 306, 311 (Stanton, J.).  Even were the Court to consider the issue, however, Plaintiff's unsupported attempt to limit the relevant and material witnesses to the parties themselves is unjustified and improper, as Plaintiff fails to state why the witnesses identified by Defendants "are not equally important witnesses."  Id.

There is a strong policy favoring the litigation of related claims in the same tribunal in that pretrial discovery can be conducted more efficiently and duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses.  Because California is a more convenient and appropriate forum, and because transfer is in the interest of justice, Defendants respectfully request that the Court enter an Order transferring this action to the District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

**V.    PLAINTIFF HAS FAILED TO REBUT DEFENDANTS' SHOWING THAT PERSONAL JURISDICTION IS LACKING AND SERVICE WAS IMPROPER OR NON-EXISTENT.**

### A. Goodman Cannot Allege Personal Jurisdiction Over Defendants to Oppose Dismissal of His Action Pursuant to Rule 12(b)(2).[17]

Personal jurisdiction does not exist in New York over Broadcaster or any of the other "properly" named and diverse individual and corporate defendants based on N.Y. CPLR § 302 or N.Y. CPLR § 301. None of these defendants "transacts any business within the state or contracts anywhere to supply goods or services in the state," as required by N.Y. CPLR § 302, or meets the N.Y. CPLR § 301 standard of "doing business" in New York, and Goodman does not establish the contrary. In his opposition, Goodman fails to contest Defendants' showing as to the inapplicability of New York's long-arm jurisdiction power over the defendants. Rather, Goodman inappropriately presumes the existence of jurisdiction from his flawed contention that he has properly served certain defendants (Broadcaster, Martin Wade, Nolan Quan and Blair Mills). Notably, Goodman does not claim to have effected proper service over the non-diverse defendants. See supra Point I.B. and infra Point V.B. Either Goodman's action should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction, or a hearing held to resolve any disputed factual issues as to jurisdiction.

### B. Because Goodman Has Not Properly Served Any Defendants With His Summons and Complaint, Rule 12(b)(5) Permits Dismissal of His Action.

Contrary to Goodman's baseless assertions in his opposition papers, Goodman has not properly served any of the defendants and has not, as he cannot, provide any evidence to establish such service. Notwithstanding Goodman's explicit representations to the Court on May 2, 2008 that he would do so, Goodman never produced affidavits of service for any of the defendants prior to the filing of Defendants' motion to dismiss on May 21, 2008. Goodman's current claim is that he served

---

[17] Defendants' removal of this action to the Southern District of New York did not waive any defenses Rule 12(b) permits. See Cantor Fitzgerald, L.P. v. J. Bart Peaslee, 88 F.3d 152, 157 (2d Cir. 1996) (affirming dismissal of action for lack of personal jurisdiction subsequent to removal to federal court).

Defendant Broadcaster by delivering the Summons with Notice and the Order to Show Cause to the *offices* of Richard Berman, but he provides no affidavit of service establishing such purported service. It is well-settled that N.Y. CPLR § 311 does not permit substitute service of process (as per N.Y. CPLR § 308(2)) to serve as valid <u>personal</u> service upon a corporation. Further, Goodman wrongly states that Defendant Broadcaster's demand for a complaint confirms service, as the N.Y. CPLR explicitly states that such a demand is not an appearance in an action. N.Y. CPLR § 3012(b).

For the first time ever, Goodman attached as Exhibit A to his Declaration with his opposition papers, an affidavit of service for Martin Wade, Nolan Quan and Blair Mills. According to this affidavit of service, Goodman's process server "personally served" these defendants by providing a copy of the Summons and Complaint for each defendant to a Kiisha Arnett, at Broadcaster's principal place of business in California. Goodman's service, however, is deficient as a matter of law because N.Y. CPLR § 308(2) mandates that such initial service must be immediately followed by a mailing of the Summons and Complaint, which Goodman clearly has failed to do. Putting aside the technicality of Goodman's deficient service on these three defendants, it is uncontested that in the approximately 155 days since Goodman filed his Summons with Notice, Goodman has <u>not</u> served <u>any</u> of the non-diverse defendants within the time required by Fed. R. Civ. Proc. 4(m). Goodman's deliberate selectivity in not even attempting to serve the non-diverse defendants clearly demonstrates that the non-diverse defendants are completely unnecessary to this action and confirms Goodman's improper joinder of these defendants.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Defendants Broadcaster, Nolan Quan, Blair Mills and Martin Wade respectfully request that the Court enter an order dismissing with prejudice the <u>Goodman</u> action or, alternatively, transferring such action to the

Central District of California on the grounds that California is a more convenient and appropriate forum and such transfer is overwhelmingly in the interests of justice given that the related <u>Baytree</u> and <u>Goodman v. Broadcaster</u> actions are pending in that forum.

Dated:  New York, New York
        June 19, 2008

LOEB & LOEB, LLP                           HOWREY LLP


By: _____/s/_____                By: _____/s/_____
Michael P. Zweig (MPZ-5318)                Michael Armstrong (MA-8570)
Eugene Licker (EL-0334)                    153 East 53rd Street, 54th Floor
345 Park Avenue                            New York, New York 10022
New York, New York 10154                   212-896-6500
(212) 407-4000

                                           *Attorneys for the Defendants*
*Attorneys for Defendant Broadcaster, Inc.*  *Quan, Wade, and Mills*